GARY KURECZKA ET AL. *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(14714)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and PALMER, Js.

Argued October 26, 1993—decision released January 18, 1994

*Thomas R. Cox,* assistant corporation counsel, with
whom were *J. William Gagne, Jr.,* and, on the brief,
*Karen K. Buffkin,* special counsel, and *Barbara J. Collins,* for the appellees (plaintiffs).

*Ralph G. Elliot,* with whom were *Susan A. Quinn* and, on the brief, *Catherine Wassel-Nasto,* for the appellees (defendants).

PETERS, C. J. The dispositive issue in this appeal is whether employment applications for public employment are exempt from disclosure under the "invasion of personal privacy" exemption of the Freedom of Information Act (FOIA).[1] In response to the complaint filed by the defendants Steve Kemper, the Northeast Magazine and the Hartford Courant, the defendant freedom of information commission (FOIC) ordered the plaintiff city of Hartford (city) to disclose redacted employment applications of the named plaintiff and eight other additional plaintiffs,[2] all of whom are or were employees of the city's public works department. The plaintiffs appealed to the trial court, which dismissed their appeal for failure to meet their burden of proof under the "invasion of personal privacy" exemption of General Statutes § 1-19 (b) (2).[3] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

[1] The Freedom of Information Act in its entirety is found in General Statutes §§ 1-15, 1-18a, 1-19 through 1-19c, 1-20a through 1-21a, and 1-21c through 1-21k.

[2] Besides the named plaintiff, Gary Kureczka, the other individual plaintiffs are Steven Kardys, Angelo Musumeci, Harold Sandiford, Ted Polak, Steve Santilli, Douglas Gaboury, Paul Piezzo and Frank Abreu. These plaintiffs either are or were employees of the city of Hartford public works department. The other plaintiffs in this appeal are the city of Hartford and the city of Hartford personnel department. They are referred to collectively as the plaintiffs.

[3] General Statutes § 1-19 provides in pertinent part: "ACCESS TO PUBLIC RECORDS. EXEMPT RECORDS. . . .

"(b) Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (2) personnel or medical files and similar files *the disclosure of which would constitute an invasion of personal privacy* . . . ." (Emphasis added.)

The material facts are undisputed. On July 2, 1991, Kemper, a reporter working on a story for Northeast Magazine at the Hartford Courant, made a written request to the city's personnel department for copies of the initial employment applications and any subsequent employment applications used for promotions of thirteen named individuals, current and former employees of the city's public works department.[4]

The city individually notified all those mentioned in Kemper's request of their right under General Statutes § 1-20a (a) through (c)[5] to object to the release of any information the disclosure of which, in their view, would invade their right to privacy. The letters informed each of the plaintiffs that they had four days in which to file their objection and that they could do

[4] By letter dated July 12, 1991, Kemper requested the initial employment applications and any subsequent employment applications used for promotions of an additional public works employee.

[5] General Statutes § 1-20a provides: "PUBLIC EMPLOYMENT CONTRACTS AS PUBLIC RECORD. OBJECTION TO DISCLOSURE OF PERSONNEL OR MEDICAL FILES. (a) Any contract of employment to which the state or a political subdivision of the state is a party shall be deemed to be a public record for the purposes of section 1-19.

"(b) Whenever a public agency receives a request to inspect or copy records contained in any of its employees' personnel or medical files and similar files and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, the agency shall immediately notify in writing (1) each employee concerned, provided such notice shall not be required to be in writing where impractical due to the large number of employees concerned and (2) the collective bargaining representative, if any, of each employee concerned. Nothing herein shall require an agency to withhold from disclosure the contents of personnel or medical files and similar files when it does not reasonably believe that such disclosure would legally constitute an invasion of personal privacy.

"(c) A public agency which has provided notice under subsection (b) of this section shall disclose the records requested unless it receives a written objection from the employee concerned or the employee's collective bargaining representative, if any, within seven business days from the receipt by the employee or such collective bargaining representative of the notice or, if there is no evidence of receipt of written notice, not later than nine business days from the date the notice is actually mailed, sent, posted or otherwise given. Each objection filed under this subsection shall be on a

so on an attached form.[6] Because all nine individual plaintiffs filed timely objections to disclosure with the city, the city denied Kemper's request in its entirety.

On August 9, 1991, the defendants filed a complaint with the FOIC to compel the release of the employment applications of twelve of the fourteen persons whose records had been the subject of the original request.[7] After evidentiary hearings before the FOIC on December 13, 1991, and January 2, 1992, during which the defendants withdrew their requests for two persons' employment applications,[8] the defendants narrowed the scope of their request by agreeing to a redaction of the applicants' home addresses, length of time at their current addresses, telephone numbers and salary information.

The FOIC undertook an in camera inspection of the requested records and then rendered its final decision ordering the city's personnel department to provide

form prescribed by the public agency, which shall consist of a statement to be signed by the employee or the employee's collective bargaining representative, under the penalties of false statement, that to the best of his knowledge, information and belief there is good ground to support it and that the objection is not interposed for delay. Upon the filing of an objection as provided in this subsection, the agency shall not disclose the requested records unless ordered to do so by the freedom of information commission pursuant to section 1-21i. Failure to comply with a request to inspect or copy records under this section shall constitute a denial for the purposes of section 1-21i. Notwithstanding any provision of this subsection or subsection (b) of section 1-21i to the contrary, if an employee's collective bargaining representative files a written objection under this subsection, the employee may subsequently approve the disclosure of the records requested by submitting a written notice to the public agency.''

[6] The letter also included a copy of the request letter that Kemper had sent to the city's personnel department.

[7] In his letter to the FOIC, Kemper informed the FOIC that two persons whose records were subject to the original requests to the city had agreed to the release of their records.

[8] During the hearings, the defendants withdrew their requests pertaining to two of the persons whose records were subject to the original request and whose names were included in the complaint to the FOIC.

copies of the requested employment applications to the defendants with certain additional deletions.[9] With regard to the remaining items requested, the FOIC determined that, even though the plaintiffs believed that the employment applications would be confidential, their "expectation[s] of privacy with respect to the job applications [were] not reasonable." The FOIC noted that, for many years, it had treated such applications as public records subject to disclosure and that the city had not claimed an exemption under § 1-19 (b) (2) in a prior FOIA case involving disclosure of similar job applications. It "found that for a reasonable man, disclosure of individual job qualifications as presented on the job applications . . . is not in itself embarrassing because (a) it is widely accepted that formal training is not the only source of skill development and that education occurs on the job; (b) the job applications set forth an applicant's qualifications in the most positive light, and (c) the function of the application is to persuade an employer to hire or promote an applicant." The FOIC concluded, therefore, that the plaintiffs had not met their burden of proof of establishing their right to the invasion of privacy exemption.

The plaintiffs filed a timely appeal to the trial court. After a hearing, the trial court dismissed the appeal. The court rejected the plaintiffs' claim that the § 1-19 (b) (2) exemption applies whenever the objecting party could conceivably suffer embarrassment or other harm from disclosure. The court noted: "If the mere possibility of embarrassment of a government

---

[9] The FOIC permitted the personnel department to redact the following items from the requested records: (a) the information that the defendants had previously withdrawn from their request; (b) an arrest record of a criminal conviction for a minor offense occurring twenty years ago found in one job application; (c) a birth certificate; (d) a social security card; and (e) a report of separation from active duty in the military. The FOIC found that disclosure of the latter items would constitute an invasion of personal privacy pursuant to General Statutes § 1-19 (b) (2).

employee from disclosure of his personnel records were sufficient to constitute an invasion of privacy, virtually all such records would be exempt from disclosure unless the employee consented." The court, instead, applied a reasonable person standard, asking "whether a reasonable man in the situation of the particular employee involved, would be embarrassed by disclosure of such employee's job application as redacted." After a scrupulous search of the administrative record, the court upheld the FOIC's decision, concluding that the plaintiffs had failed to produce substantial evidence that the possibility of embarrassment from disclosure was so overwhelming that such disclosure would constitute an invasion of privacy.

The court also held that the individual plaintiffs could not have entertained a reasonable expectation that the material in their employment applications would be considered private when they originally gave that information to the city. Again rejecting the use of a subjective standard to determine the reasonableness of an employee's reliance on representations of confidentiality, the court concluded that the FOIC was not required to give any weight to alleged representations of confidentiality unless such representations were valid and authorized at the time they were made and relied upon. In conclusion, the court stated, "[t]o hold that erroneous representations of confidentiality by the city bars disclosure otherwise proper would make the city rather than the commission the arbiter of what items in a personnel file are subject to disclosure. The FOIA contains no provisions regulating the representations that a government agency may make concerning confidentiality. Conceivably such an agency might declare all of its personnel records to be confidential, even when the information sought could not possibly involve privacy. To circumvent this fox-guarding-the-hen-house scenario, the court concludes that *the commission cannot*

*be barred from ordering disclosure of information that it has otherwise properly found not to constitute an invasion of privacy simply because of the erroneous determination by a government agency that such information should be confidential and its representations to that effect."* (Emphasis added.)

In their appeal, the plaintiffs maintain that the trial court improperly upheld the FOIC's determination that the disclosure of their redacted employment applications would not constitute an invasion of personal privacy under § 1-19 (b) (2). We affirm the judgment of the trial court.

This case provides us with an opportunity to apply the "invasion of personal privacy" exemption standard recently enunciated in *Perkins* v. *Freedom of Information Commission,* 228 Conn. 158, 635 A.2d 783 (1993). In *Perkins,* we determined that "the invasion of personal privacy exception of § 1-19 (b) (2) precludes disclosure . . . only when the information sought by the request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Id., 175. Only by proving both prongs of this standard by a preponderance of the evidence can a party establish a right to invoke the statutory exemption so as to preclude disclosure. As we explained in *Perkins,* this standard implements the underlying principle that disclosure is the general rule under the FOIA with " 'exceptions to this rule being narrowly construed. The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exemption.' *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 775, 535 A.2d 1297 (1988)." *Perkins* v. *Freedom of Information Commission,* supra, 167.[10]

---

[10] *Perkins* is not, however, a radical departure from our prior FOIA jurisprudence, because earlier, in *Chairman* v. *Freedom of Information Com-*

In our assessment of whether the plaintiffs have met their burden of proof, we are guided by the limitations that the Uniform Administrative Procedure Act imposes upon judicial review of the determinations of the FOIC.[11] "[W]e must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion." *Ottochian* v. *Freedom of Information Commission,* 221 Conn. 393, 397, 604 A.2d 351 (1992); *Perkins* v. *Freedom of Information Commission,* supra, 164. We conclude that the FOIC reasonably found that the plaintiffs had failed to meet their burden of proof with regard to the information requested by the defendants.[12]

---

*mission,* 217 Conn. 193, 198, 585 A.2d 96 (1991), we had stated that consideration of "a person's *reasonable* expectation of privacy and the potential for embarrassment [are] significant factors in determining if disclosure would constitute an invasion of privacy [pursuant to § 1-19 (b) (2) of the FOIA]." (Emphasis added.)

[11] The FOIC is an administrative agency; General Statutes § 1-21j; and is, thus, governed by the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. General Statutes § 4-183, which describes the Superior Court's standard of review of an agency decision, provides in pertinent part: "APPEAL TO SUPERIOR COURT. . . .

"(j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

[12] Since this case was argued before we rendered our decision in *Perkins* v. *Freedom of Information Commission,* 228 Conn. 158, 635 A.2d 783 (1993), the trial court applied the standards that had previously been pronounced in *Chairman* v. *Freedom of Information Commission,* 217 Conn.

The plaintiffs first claim that the FOIC incorrectly applied an objective person standard to determine if the records sought to be disclosed would be potentially embarrassing. They argue that the FOIC should determine "whether the [i]ndividual [a]ppellants could suffer embarrassment or other injury if the subject records are released." The plaintiffs, in effect, argue for the application of a subjective standard to determine embarrassment or offensiveness, based upon the predisposition of each individual party whose records are sought to be disclosed. As we observed in *Perkins*, a subjective standard cannot be reconciled with the FOIA's primary objective of disclosure. Disclosure would be the exception and not the rule if government employees had the authority, at will, to preclude public access to information included in their personnel files. We thus reiterate the applicability of a reasonable person standard instead of a subjective standard. To invoke the statutory exemption, a public employee must demonstrate that disclosure of the sought after records would be highly offensive to a reasonable person.

The plaintiffs also claim that in determining whether reliance on representations that the employment applications would be considered confidential was reasonable, the FOIC and the trial court applied an improper standard. They argue, citing *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 198, 585 A.2d 96 (1991), that the proper test of what constitutes a reasonable expectation of privacy is procedural in nature and "depends on the circumstances which existed when the individual *originally gave* the govern-

---

193, 198, 585 A.2d 96 (1991), to determine that the plaintiffs had not met their burden of proof to prevent disclosure under General Statutes § 1-19 (b) (2). Under either the *Perkins* standard or that utilized by the trial court, we conclude that the trial court was correct in its determination.

ment agency the subject material," (emphasis in original) and "how those documents have been treated by the employer."

The position advanced by the plaintiffs cannot be sustained, either factually or as a matter of law. As a matter of fact, the FOIC made no finding that the plaintiffs had received assurances from their governmental employer that their employment applications would be treated as confidential. Without such a finding, there is no factual predicate for the plaintiffs' argument. As a matter of law, the legitimacy of an expectation of privacy requires a substantive inquiry into the legitimacy of the governmental employee's expectations. No public agency can shield public records from disclosure merely by agreeing to keep such records confidential. As the trial court noted, to hold otherwise would allow "the city rather than the commission [to be] the arbiter of what items in a personnel file are subject to disclosure." Even if some or all of the plaintiffs had received representations of confidentiality from their governmental employer, the receipt of such representations would not establish their validity. The FOIC had the authority to decide that the public records sought in this case are of legitimate concern to the public and that their disclosure does not infringe upon the plaintiffs' reasonable expectation of privacy under § 1-19 (b) (2).

The judgment is affirmed.

In this opinion CALLAHAN, BERDON and PALMER, Js., concurred.

BORDEN, J., concurring. I continue to disagree with the two part test, for determining whether material "would constitute an invasion of personal privacy" within the meaning of General Statutes § 1-19 (b) (2), that this court adopted in *Perkins* v. *Freedom of Infor-*

*mation Commission,* 228 Conn. 158, 635 A.2d 783 (1993). See id., 178–87 (*Borden, J.,* concurring). In the interests of stare decisis and stability in our law, however, I join the analysis of the majority. I therefore join both the reasoning of and the result reached by the majority in this case.