[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Parker Simonds appeals the decision of the defendant freedom of information commission ordering the disclosure of certain records of the Superintendent of Schools of West Hartford, pertaining to Simonds, to the defendant West Hartford News, a newspaper. The CT Page 3877 plaintiff's appeal is authorized by General Statutes4-183.
The record in this case is consolidated with the record of an earlier case involving the same parties, the same facts, and the same issues. See Simonds v. Freedom of Information Commission, No. CV88 034 86 29. In that case, the plaintiff appealed the decision of this court (Steinberg, J.) to the Appellate Court. By agreement of the parties, that appeal was withdrawn and the case remanded to the commission so that it could conduct an in camera examination of the records in question. The commission conducted the examination, held a new hearing, and rendered a new decision. The in camera documents are now part of the record in the case, under seal. The new decision, issued March 10, 1993, is the subject of this appeal.
Certain essential facts are not in dispute and are fully reflected in the record. During the period 1976 through 1988, the plaintiff was a physical education teacher and coach in the West Hartford public school system. During that period several parents wrote letters to the superintendent of schools complaining about the plaintiff's conduct with their children. Meetings were held, and various school officials wrote memoranda and other correspondence concerning the complaints and measures taken by the school administration in response.
In January 1988, the West Hartford News requested access to any records concerning the parents' complaints, including the letters, official correspondence, and records of any disciplinary actions taken. The superintendent refused to allow access to the records, and the newspaper filed a complaint with the commission.
The commission's decision, which is the subject of this appeal, ordered the superintendent of the West Hartford schools to release to the West Hartford News four documents from the records examined in camera, redacted to conceal the identities of the children and parents.
In reaching its decision, the commission held, first, that the documents in question are public records CT Page 3878 as defined in General Statutes 1-18a(d). It further held that the documents are not "records of teacher performance and evaluation" with in the meaning of General Statutes 10-151c. It based that conclusion on its review of the documents and its finding that they are "records of complaints and of how complaints were handled." The commission held, therefore, that the records are not exempt from public disclosure under that statute.
The commission also held that the records are not exempt from disclosure under 1-19(b)(2). The commission reached its conclusions in this regard without making a specific finding that the documents in question are "personnel files" within the meaning of that statute. The commission did find, however, that the plaintiff could not have had a reasonable expectation of privacy in the documents. Therefore, even assuming that the records are personnel files and that they are potentially embarrassing, the commission denied the exemption, following the rule of Chairman v. Freedom of Information Commission, 217 Conn. 193 (1991).
The plaintiff raises essentially two issues as the bases of his appeal: (1) that the rule of Chairman requires that the records be exempt from disclosure; and (2) that the documents are exempt under 10-151c.
The commission's decision that 10-151c does not apply to the records in question was based on its factual finding that the records are not records of teacher performance and evaluation. A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51, 57 — 58 (1991).
The court has examined the records in question and CT Page 3879 finds that they all relate to specific complaints against the plaintiff and the response of the school officials to those complaints. They consist of memoranda written by the officials summarizing the complaints and the actions taken in response. Although these records might ultimately provide a partial basis for an official evaluation of the plaintiff's performance as a teacher, they do not themselves constitute such an evaluation. The court concludes that the commission's findings that the records are not teacher evaluations within the meaning of10-151c is fully supported by the evidence. It follows that the commission's decision that the records are not exempt under that statute must be affirmed.
With respect to the plaintiff's contention that the commission erred in finding that the records are not exempt as personnel files, two additional factors must be considered. At the hearing on this appeal, the plaintiff made an offer of proof, through his attorney, that he is no longer an employee of the West Hartford school system. Counsel for the town neither admitted nor denied that assertion, and, of course, the record reveals only that the plaintiff was an employee of the town at the time of the administrative hearing. If it is true that the plaintiff is no longer a public employee, however, that fact might be significant in determining whether 1-19(b) (2), as presently interpreted by our courts, exempts the records from disclosure.
Subsequent to the commission's decision, and while this appeal was pending in this court, the Supreme Court rendered its decision in Perkins v. Freedom of Information Commission, 228 Conn. 158 (1994) followed by Kureczka v. Freedom of Information Commission, 228 Conn. 271
(1994). Prior to those decisions in order to establish an "invasion of personal privacy" sufficient to exempt personnel records from public disclosure, a public employee had to prove that disclosure "would carry significant potential for embarrassment and that [the employee] entertained a reasonable expectation of privacy in the information contained in the [records]." Chairman v. Freedom of Information, supra, 217 Conn. 199-200. The Perkins and Kureczka decisions reformulated the "invasion of personal privacy" exemption standard. In Kureczka, the court held as follows: CT Page 3880
 In Perkins, we determined that "the invasion of personal privacy exception of 1-19(b)(2) precludes disclosure . . . only when the information sought by the request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Id., 175. Only by proving both prongs of this standard by a preponderance of the evidence can a party establish a right to invoke the statutory' exemption so as to preclude disclosure. (Citations omitted).
Kureczka v. FOIC, supra, 228 Conn. 277.
This new formulation of the "invasion of personal privacy" standard specifically enunciates the public interest in the disclosure of the information sought as one of the criteria that the commission must consider in determining whether such disclosure would result in an unwarranted invasion of personal privacy. The party seeking the exemption, of course, has the burden of proving the lack of a public interest in the information, but, clearly, that party must be allowed the opportunity to do so.
General Statutes 4-183(h) provides that the court may order that a case be remanded to the agency for the taking of additional evidence if the evidence is material and there was good reason for failure to present it in the original proceeding. Thereafter, the agency may or may not modify its findings and decision by reason of the new evidence.
In the present case, the plaintiff offers to provide new evidence which would tend to prove a lack of public concern in the information sought to be disclosed. This new evidence is that he is no longer an employee of a public agency. In accordance with the rule of the Perkins and Kureczka decisions, this evidence is at least material to the issue of exemption under 1-19(b)(2), although it may not alone be dispositive of that issue. Both the plaintiff's status and the law have changed since the commission's decision, and those factors CT Page 3881 provide obvious and sufficient reason for his failure to present the evidence to the commission at the original hearings.
The court has considered the propriety of determining for itself whether the information in question pertains to a legitimate matter of public concern, assuming, for the sake of the argument, that the plaintiff is not presently a public employee. Such a determination, however, would be a usurpation of the commission's function. The court cannot make assumptions concerning what the commission's findings and conclusions might be on the issue of public interest in the information contained in the documents. To do so would be to substitute the court's judgment for that of the commission, and this would be contrary to elementary principles of administrative law. The determination that must be made is solely for the commission to make.
For the reasons set forth above, the case is remanded to the commission in accordance with 4-183(h), and the commission is ordered to take evidence concerning the termination of the plaintiff's employment with the town of West Hartford. In accordance with that statute and 1-19(b)(2), and the Perkins and Kureczka decisions, supra, the commission may or may not modify its findings and decision, and it shall file its decision with this court.
In rendering its new decision, the commission should clarify whether it finds the records in question to be "personnel or . . . similar files" within the meaning of 1-19(b) (2) and, if so, whether the disclosure would constitute an invasion of personnel privacy.
The record and court file in this case do not indicate whether the court acted on the plaintiff's motion to stay the commission's order pending a decision on his appeal. The court grants that motion at this time, therefore.
MALONEY, J. CT Page 3882
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3883
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3884
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3885
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3886