[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Brian Gallagher appeals a decision of the defendant freedom of information commission ordering the defendant chief of police of the Town of Newington to release certain records to defendant John DeRay. The commission acted pursuant to provisions of the Freedom of Information Act, General Statutes § 1-18a et seq. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendants.
A significant issue in this case is whether the commission had jurisdiction to hear the complaint filed by defendant DeRay. Certain facts are not in dispute. The plaintiff is a police officer of the Town of Newington. Deray [DeRay] requested the Newington police to furnish him copies of records concerning the plaintiff. In a letter dated October 8, 1992, the chief of police advised the plaintiff that he would have to come to police headquarters to obtain copies of records and pay the copying charges. At the administrative hearing in this case, the chief testified that he mailed that letter to DeRay by first class mail from Newington to DeRay's address in West Hartford on October 8. DeRay testified that he does not know when he received the letter.
Between the date DeRay received the chief's letter and November 9, 1992, DeRay went to the Newington police headquarters to obtain the records he wanted. DeRay testified that he does not remember the date that he went to the police headquarters. Whenever it was, the police furnished him some records but withheld the plaintiff's personnel records. On November 9, 1992, DeRay filed a complaint with the commission.
The commission held a hearing on DeRay's complaint on April 28, 1993. The plaintiff, DeRay and the police chief appeared and testified, and the commission admitted other evidence in the record.
On June 28, 1993, the commissioner who conducted the hearing as designated hearing officer rendered proposed findings and conclusions in accordance with General Statutes § 4-179. With respect to the commission's jurisdiction, the hearing officer found that the complainant, DeRay, had failed to establish that his appeal to the commission was filed within thirty days CT Page 12243 after the police denied his request for the records. Citing General Statutes § 1-21i(b), the hearing officer recommended that DeRay's appeal be dismissed.
Following the proposed decision dated June 28, 1993, DeRay filed an objection and then appeared at the designated commission meeting on August 11, 1993, to present oral argument. At that meeting, the commissioner/hearing officer withdrew her June 28 proposed decision.
On October 6, 1993, the hearing officer rendered a new proposed decision. Both DeRay and counsel for the plaintiff appeared at the subsequent commission meeting and presumably were given an opportunity to present oral argument. The whole commission thereupon approved the new proposed decision and subsequently rendered a final decision that was the same in all material respects. It is that decision that is the subject of this appeal.
In the commission's decision, it finds "that it is more probable than not that the (chief of police letter) would not have been received by (DeRay) prior to Saturday October 10, 1992." The commission further found "that (DeRay) was denied access to inspect Gallagher's personnel records sometime after receiving the respondent's October 8, 1992 letter, on or after Saturday October 10, 1992." On the basis of those findings, the commission concluded that DeRay's appeal, filed on November 9, was timely and the commission had jurisdiction to hear it.
With respect to the substance of DeRay's appeal, the commission found that certain records that he requested were exempt as personnel or medical records under § 1-19(b)(2). It found, however, that records of any citizen complaints against the plaintiff do not constitute personnel, medical or similar files so as to be exempt, and it ordered the disclosure of any such files to DeRay. It also found that the plaintiff had not proved that records of background checks and letters of recommendation would constitute an invasion of his personal privacy. The commission ordered, therefore, that any such records be disclosed to DeRay. CT Page 12244
Plaintiff Gallagher advances two arguments as the bases of his appeal to this court: (1) that the commission did not have jurisdiction to hear and make a decision on DeRay's complaint because it was filed after the thirty day deadline provided in § 1-21i; and (2) that the commission's decision wrongly determined that the release of the records would not constitute an invasion of privacy.
Section 1-21i of the general statutes provides, in relevant part, as follows:
 (a) Any denial of the right to inspect or copy records provided for under section 1-19 . . . shall be made . . . in writing, within four business days of such request, except when the request is determined to be (for personnel records), in which case such denial shall be made, in writing, within ten business days of such request. Failure to comply with a request to so inspect or copy such public record within the applicable number of business days shall be deemed to be a denial.
 (b) Any person denied the right to inspect or copy records under section 1-19 . . . may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed within thirty days after such denial. . . .
In this case, it is undisputed that the police failed to provide DeRay access to the plaintiff's personnel files between October 8, 1992, and November 9, 1992. The police never gave DeRay a written denial, however. They simply refused to comply with his request when he went to headquarters sometime during the period in question. The plaintiff argues that DeRay failed to prove that the denial occurred on or after October 10, 1992. Therefore, he argues, there was insufficient proof that DeRay filed his complaint within the requisite thirty days after denial.
The plaintiff's argument fails to take into account CT Page 12245 the statutory directive that, in the absence of a written denial, the denial is deemed to have occurred four or ten days after the request, depending upon the kind of record requested. In the present case, the only written response from the police to DeRay was the chief's letter of October 8. That was clearly not a denial of DeRay's request; rather, it was an invitation to come to headquarters to inspect the records. When the plaintiff did so, after receiving the October 8 letter, the police simply failed to comply with the request that he made at that time, although they did not put it in writing. Pursuant to the statute, therefore, their denial was deemed to have occurred ten days after the request. Even if DeRay had gone to police headquarters on October 8, therefore, the denial would not be deemed to have occurred until October 18. DeRay's appeal to the commission on November 9 was, therefore, well within the thirty day deadline.
The court's analysis of the jurisdictional question assumes that, for purposes of measuring the relevant time interval, DeRay's request was made after he received the chief's October letter. That he did make such a request is clearly reflected in the record. Presumably, he also made an earlier request, which inspired the chief's letter. It is not appropriate to use the earlier request to commence the denial period, however, because DeRay decided to follow the chief's directions and pursue the subject in person at headquarters. See Board of Educationv. Freedom of Information Commission, 208 Conn. 442, 451
(1988).
The commission's finding that DeRay went to the police headquarters on or after October 10 was faulty. There was insufficient evidence in the record to establish that. There was ample undisputed evidence, however, in the form of DeRay's testimony, that he went to the headquarters on or after October 8, and even that early date plus the ten days imposed by the statute would enable his appeal to the commission.
The commission's findings and conclusions with respect to the merits of the plaintiff's appeal are fully supported by the most recent decisions of our Supreme Court, as well as by earlier decisions. CT Page 12246
Subsequent to the filing of this appeal in this court but prior to the parties' briefs and oral arguments, the Supreme Court rendered its decision inPerkins v. Freedom of Information Commission,228 Conn. 158 (1994), followed by Kureczka v. Freedom ofInformation Commission, 228 Conn. 271 (1994). Prior to those decisions, in order to establish an "invasion of personal privacy" sufficient to exempt personnel records from public disclosure, a public employee had to prove that disclosure "would carry significant potential for embarrassment and that [the employee] entertained a reasonable expectation of privacy in the information contained in the [records]." Chairman v. Freedom ofInformation, supra, 217 Conn. 199-200. The Perkins andKureczka decisions reformulated the "invasion of personal privacy" exemption standard. In Kureczka, the court held as follows:
 In Perkins, we determined that "the invasion of personal privacy exception of § 1-19(b)(2) precludes disclosure . . . only when the information sought by the request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Id., 175. Only by proving I both prongs of this standard by a preponderance of the evidence can a party establish a right to invoke the statutory exemption so as to preclude disclosure. (Citations omitted).
 Kureczka v. FOIC, supra, 228 Conn. 277.
This new formulation of the "invasion of personal privacy" standard specifically enunciates the public interest in the disclosure of the information sought as one of the criteria for determining whether such disclosure would result in an unwarranted invasion of personal privacy. The other criterion is that disclosure of the information sought would be highly offensive to a reasonable person. The party seeking the exemption, of course, has the burden of proving that both criteria apply in his case. CT Page 12247
As noted, in its decision the commission merely ordered disclosure of any letters of complaint or recommendation concerning the plaintiff and records of background checks, these to be redacted to omit any information, such as names and addresses, that might pose a danger of harm to the plaintiff or his family.
With regard to the criteria set forth by the Supreme Court in the Perkins case, supra, the plaintiff has not offered any proof that the information ordered disclosed by the commission does not relate to matters of public concern nor any proof that its disclosure would be highly offensive to a reasonable person. The only direct evidence relating to these criteria that the plaintiff presented at the hearing was his own testimony. In summary, he stated that he objected to the disclosure of certain records because it might pose a danger of harm to himself or his family. The commission met that objection in its decision by ordering that any potentially dangerous information be redacted. The plaintiff objected to disclosure of all other personnel records simply on the basis that they are personal. Such a nonspecific, wholesale objection does not, however, satisfy the test imposed by Perkins v. FOIC, supra.
The plaintiff's evidence at the hearing also did not satisfy the personal privacy exemption test under the prior rule of the Chairman v. FOIC case, supra. In this regard, his testimony did not establish that disclosure of the information ordered by the commission would carry a significant potential for embarrassment and that he had a reasonable expectation of privacy in the records.
For all of the reasons set forth above, the plaintiff's appeal is dismissed.
MALONEY, J.