[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are appeals from decisions of the defendant Freedom of Information Commission [hereinafter Commission] pursuant to Conn. Gen. Stat. §§ 1-21i(d) and 4-183. The orders of the Commission require disclosure of documents pertaining to a teacher employed by the Brookfield Public Schools. The records were maintained by Dr. Michael J. Perrone, Superintendent of Schools, Brookfield Public Schools [hereinafter superintendent].
Plaintiff is Celine Cracco, the teacher who is the subject of said records. Ms. Cracco was granted party status in all matters at the Commission hearings.
This combined appeal encompasses three decisions of the defendant Commission.[1]
 PROCEDURAL HISTORY
I. Complaint of Glenn J. Cooper and Glenn J. Cooper Detective Agency, Inc., FIC Docket # 93-328
By letter dated November 16, 1993, complainants Glenn J. Cooper et al. requested from the superintendent access to copies of records of complaints filed against Celine Cracco and the result of any investigation and action taken. The superintendent denied this request by letter dated November 24, 1993 on the ground that disclosure of said records would be an invasion of Ms. Cracco's privacy.
An appeal from the denial of disclosure was filed with the Commission on December 8, 1993. A hearing was held by the Commission on March 22, 1994. At this hearing, Celine Cracco was granted party status. The records at issue were received under seal as documents #1-78 and inspected in camera. By decision dated August 24, 1994, the Commission ordered disclosure of documents #18-78 with the proviso that all names of minor children were exempt from disclosure and could be redacted. CT Page 9395
II. Complaint of Glenn J. Cooper and Glenn J. Cooper Detective Agency, Inc. FIC Docket # 93-324
By letter dated November 22, 1993, complainants Glenn J. Cooper et al. requested access to all records of an investigation conducted into alleged misconduct on the part of Celine Cracco. The superintendent responded that he would provide only those investigation records constituting communications already sent to Diane Walsh, the complainants' client. Access to any other records concerning the investigation and Ms. Cracco were denied.
An appeal from the denial of disclosure was filed with the Commission on November 29, 1993. A hearing was held by the Commission on March 22, 1994. At this hearing, Celine Cracco was granted party status. The records at issue were reviewed under seal as documents #1-78 and inspected incamera. By decision dated August 24, 1994, the Commission ordered disclosure of documents #18-78 with the proviso that all names of minor children were exempt from disclosure and could be redacted.
III. Complaint of Robert Graber, Edward Frede and The News-Times, FIC Docket # 94-11
By letter dated December 16, 1993, the superintendent denied complainants' access to the records of any complaints regarding Ms. Cracco. An appeal from the denial of disclosure was filed with the Commission on January 12, 1994. A hearing was held by the Commission on May 13, 1994. At this hearing, Celine Cracco was granted party status. The records at issue were reviewed under seal as documents #1-34 and inspected incamera. By decision dated August 24, 1994, the Commission ordered disclosure of all documents with the proviso that the names of minor students "may be permissibly withheld from disclosure."
PERFECTING THE APPEAL
Conn. Gen. Stat. § 4-183 requires an aggrieved party taking an appeal from a final decision to file a petition in the Superior Court within forty-five days after mailing of the notice of the decision. In addition, copies of the appeal must be served on the agency and all parties of record within CT Page 9396 thirty days after the mailing of notice.
The complaints of Glenn J. Cooper et al. were heard together. On August 29, 1994, notice of these two decisions was mailed to all parties. Plaintiff filed the present appeals in these matters on September 8, 1994. Copies of the petitions were served on the Commission and the superintendent on September 13, 1994. The petitions were served on the attorney for the complainant on September 14, 1994.
Notice of the decision in the matter of Robert Graber et al. was mailed on August 29, 1994. The appeal in this matter was filed on September 8, 1994. The petition was served on the Commission and the attorney for Robert Graber, Edward Frede and The News-Times on September 9, 1994. The superintendent was served on September 13, 1994. Thus, the appeals are timely filed and served.
HEARING ON APPEAL
At the hearing before this court, plaintiff filed a motion to adduce additional evidence. This motion was predicated on the fact that plaintiff had terminated employment with the Brookfield Board of Education subsequent to the decisions at issue on appeal. Plaintiff cited ParkerSimonds v. Freedom of Information Commission, et al.
No. CV93-0704139S (Superior Court, April 18, 1994, Maloney J.) in support of her motion.
As in the present case, Parker Simonds concerned disclosure of complaints against a public school teacher. An appeal followed the Commission's order of disclosure. At the argument on the appeal, counsel for Parker Simonds represented that his client was no longer an employee of the school system. While the appeal was pending, Perkins v. Freedom ofInformation Commission, 228 Conn. 158, 635 A.2d 783 (1993) was decided. Judge Maloney, mindful of the restriction on the court's role as a factfinder, was concerned that the issues had not been considered in light of the newly enunciated standard in Perkins. Also of concern, was the fact that the Commission had found the records not to be exempt pursuant to Conn. Gen. Stat. § 10-151c, but had made no specific finding as to whether the records constituted personnel files within the meaning of Conn. Gen. Stat. § 1-19 (b)(2). Insofar as thePerkins analysis regarding invasion of privacy cannot be CT Page 9397 applied absent an initial determination that the records at issue are, in fact, personnel records, Judge Maloney remanded the case to the Commission.[2]
 Parker Simonds is distinguishable from the present case. Here, Perkins is cited by the Commission, and it is clear that the standard was applied. It is also noted that the Commission was aware that plaintiff had been under suspension for some time and did not find this fact an impediment to issuing a decision. Record II, #14, p. 20. Judge Maloney had some concerns regarding Parker Simond's employment status on the issue of legitimate public concern. This is not a factor herein for several reasons. First, the Commission found that the records were personnel records and that they were matters of legitimate public concern. Second, once it is established that records are personnel files, the only showing which can prevent disclosure is that it would constitute an invasion of privacy. Perkins requires disclosure even if there is no
legitimate public interest absent proof of an invasion of privacy. Perkins, supra at 177.
Case law in other matters concerning disclosure of public records strongly suggests that "legitimate public concern" does not end with termination of employment. Kureczka v.Freedom of Information Commission, 228 Conn. 271, A.2d (1994) addressed the issue of disclosure of employment applications. The decision notes that the persons who were
the subject of the applications ". . . either are or were employees . . ." Id., at 272, fn. 2 (emphasis added). Nevertheless, disclosure was found to be required. InLieberman v. State Board of Labor Relations, 216 Conn. 253,579 A.2d 505 (1990), the court considered the legality of bargaining agreements that require destruction of information in personnel files. Finding that ". . .the general policy under the FOIA would favor disclosure. . .," the court noted that "[t]he value or usefulness of a public employee's discipline record does not live and die with the employee dispute that gave rise to that record." The court held that the destruction of public records is not a legal subject of bargaining.
AGGRIEVEMENT
Plaintiff claims to be aggrieved by the decisions of the Commission. CT Page 9398
 The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party . . . must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decisions.
Rose v. Freedom of Information Commission, 221 Conn. 217, 230,602, A.2d 1019 (1992) [citations omitted].
Plaintiff, a party to all proceedings at the Commission, and the subject of the records at issue, has established aggrievement under this standard.
AUTHORITY FOR AGENCY ACTION
Pursuant to Conn. Gen. Stat. § 1-21i et seq., the Commission is empowered to review alleged violations concerning access to public records and to issue orders when a violation is established.
SCOPE OF REVIEW
The scope of judicial review of decisions by administrative agencies is limited by the Uniform Administrative Procedure Act, Conn. Gen Stat. § 4-166 et seq.
 Our resolution of this issue is guided by the limited scope of judicial review afforded by the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; to the determinations made by an administrative agency. `[W]e must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion.' Ottochian v. Freedom of Information Commission, 221 Conn. 393, 397, 604 A.2d 351
(1992). Even as to questions of law, `[t]he court's ultimate duty is only to decide whether, inCT Page 9399 light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. (Emphasis added.) Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts.' (Citations omitted; internal quotation marks omitted.) New Haven v. Freedom of Information Commission, 205 Conn. 767, 774, 535 A.2d 1297 (1988). `Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement.' (Citation omitted; internal quotation marks omitted.) Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 78193 L.Ed.2d 819 (1986); see also New Haven v. Freedom of Information Commission, supra, 773-74; Wilson v. Freedom of Information Commission, 181 Conn. 324, 342-43, 435 A.2d 353 (1980).
Perkins, supra, at 164-5.
BURDEN OF PROOF
Defendant claims exemption from disclosure pursuant to Conn. Gen. Stat. § 1-19 (b)(2) which shields ". . . personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy. . ."
 When the claim for exemption involves § 1-19 (b)(2), `[t]he plaintiffs must meet a twofold burden of proof . . . .First, they must establish that the files in question are within the categories of files protected by the exemption, that is, personnel, medical or `similar' files. Second, they must show that disclosure of the records `would constitute an invasion of personal privacy.' Hartford v. Freedom of Information Commission,
supra, 431-32; Superintendent of Police v. Freedom of Information Commission, supra; Ottochian v.CT Page 9400 Freedom of Information Commission, supra, 399-400; Chairman v. Freedom of Information Commission,
supra; Board of Education v. Freedom of Information Commission, 210 Conn. 590, 595, 556 A.2d 592
(1989). In this case, because the defendants have conceded, at oral argument, that the FOIA request sought the disclosure of personnel records, we need only determine whether their request `constitute[s] an invasion of personal privacy.' General Statutes § 1-19 (b)(2).
Perkins, supra, at 168.
In the present case, counsel conceded at argument that the records are public records. The parties do not dispute the finding of the Commission that the documents are personnel records. The plaintiff claims, however, that the records are exempt on several grounds.
ISSUES ON APPEAL
A. Plaintiff claims the commission erred in failing to find the records exempt as disclosure would constitute an invasions of personal privacy within the meaning of Conn. Gen. Stat. § 1-19 (b)(2).
A review of the records inspected in camera generally reveals a series of parent complaints concerning plaintiff's teaching methods and the superintendent's response thereto. Also included are plaintiff's responses to the factual allegations of the complaints. Perkins, supra, provides a lengthy discussion of the meaning of invasion of privacy in the context of the Freedom of Information Act, analogizing this phrase to the common law tort. Id. 171-2. The test set forth by the court encompasses an objective standard. Disclosure is precluded ". . .only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." (Emphasis added.)
As in the present case, the issue in Perkins concerned the records of a teacher. The court notes that although the presumption is not conclusive, ". . .disclosures relating to the employees of public agencies are presumptively legitimate matters of public concern." Id. 174. Moreover, ". . .when a CT Page 9401 person accepts public employment, he or she becomes a servant of and accountable to the public. As a result, that person's reasonable expectation of privacy is diminished. . ." Id. 177. "The public has a right to know not only who their employees are, but also when their public employees are and are not performing their duties." Id. The standard for disclosure is so broad, that even the details of an illness contained in a medical file which would be "highly offensive to a reasonable person" is not protected if the information is of legitimate public concern. Id. 174.
In the present case, the Commission found in all these cases that the records at issue were matters of legitimate public concern. This finding is supported by the record. The decision in the complaint of Robert Graber et al, FIC # 94-11 (Docket #CV94-0705370) correctly notes ". . .that even assuming no legitimate public interest in the classroom conduct of public teachers, the records would not be exempt. . ." under thePerkins standard. Record II, #16, p. 2. This finding reflects an accurate understanding of Perkins. As in Perkins,
if complainant cannot meet her burden to establish an invasion of privacy it is not necessary to inquire whether the records are of legitimate public concern. Perkins, supra, at 177.
In the present case, defendant claims that the records should not be disclosed because they contain mere allegations that have not been established as true in the proper forum — the Board of Education. Thus, she claims, she should be spared potential embarrassment which would result from disclosure should she ultimately be vindicated. In Perkins,
the plaintiff teacher also claimed potential embarrassment from disclosure of her sick leave records which she feared would result in a public discussion of her health. The court dismissed this claim, finding the claim of embarrassment an unsupported conclusory allegation. The Commission's findings in all three cases that disclosure of the records of complaint would not constitute an invasion of privacy is amply supported by the evidence and applicable law.
B. Plaintiff claims the Commission erred in failing to find the records exempt as the records constitute teacher evaluations within the meaning of Conn. Gen. Stat. § 10-151c.
Teacher evaluations are exempt pursuant to Conn. Gen. Stat. § 10-151c which provides: CT Page 9402
 Any records maintained or kept on file by any local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of section 1-19, provided that any teacher may consent in writing to the release of his records by a board of education. Such consent shall be required for each request for a release of such records. For the purposes of this section the term `teacher' shall include each certified professional employee below the rank of superintendent employed by a board of education in a position requiring a certificate issued by the State Board of Education.
The decision of the hearing examiner in FIC #93-324, Record I, #25, describes the content of in camera documents #1-78. At argument, counsel for plaintiff conceded that he did not dispute the descriptions of said documents as they appear in the decision. The court's review finds that the descriptions accurately reflect the contents of the documents.[3]
In neither of the cases involving in camera documents #1-78 were numbers 1-17 ordered disclosed. These records were found to be exempt pursuant to Conn. Gen. Stat. § 10-151c as records of teacher performance and evaluation. Documents 18-78
were found not to be evaluations, but rather complaints, and the responses of school officials thereto. Record I, #25, p. 8; #26, p. 3. The "responses of school officials" include references to reprimands, warnings, and a suspension. Incamera document #24 is described as a "reprimand" and "warning." Record I, #25, p. 3. In camera document #26 references this same reprimand and warning. Record I, #25, p. 3. In camera document #58 is described as a letter of "reprimand" and "suspension." Record I, #25, p. 6. Plaintiff argues that the Commission has previously held that records of teacher reprimands are exempt pursuant to Conn. Gen. Stat. § 10-151c insofar as they ". . . record negative aspects of teacher performance and are used to establish professional goals and make decisions regarding employment contracts." Inthe matter of a complaint by Ralph W. Williams. Jr. and theJournal-Inquirer against Superintendent of Schools and Boardof Education of the Town of Enfield, Docket #FIC 87-200CT Page 9403(January 27. 1988); In the matter of a complaint by James D.Contino, Sr. and Diane M. Contino against GrotonSuperintendent of Schools and Groton Board of Education.Docket #FIC 87-130 and Docket #FIC 87-132 (August 26, 1987). The issue of whether the details of a disciplinary action against a teacher are exempt under Conn. Gen. Stat. § 10-151c was subsequently considered by the Supreme Court. In Rose, supra,
at 235, the court held that "[n]either § 10-151c nor § 1-19
(b)(2) warranted the action by the board of education in failing to disclose the specific content of the disciplinary actions recommended by the school superintendent."
Nor did the Commission err in finding that the records of complaints were not exempt under § 10-151c. ". . .[A]llegations by students, parents and community members concerning [a teacher's] conduct that were submitted to the state board of education pursuant to its regulations do not constitute `records of teacher performance and evaluation' as contemplated by § 10-151c [citation omitted]. Kelley v.Bonney, 221 Conn. 549, 578-9, 606, A.2d 693 (1992).
The Commission's findings that neither records of complaints nor disciplinary actions are exempt under § 10-151c
are supported by applicable law.
C. Plaintiff claims the Commission erred in failing to find the records exempt under Conn. Gen. Stat. §§ 1-19 (b)(11), 10-15b(a) and 20 U.S.C. § 1232g.
These three statutory sections all concern the privacy of student, not teacher, records. This claim is without merit on two grounds. First, it might be said that the parent-guardians of the students who were the subject of the complaints had waived confidentiality by filing the complaints. There was no outside agency that put the students' records at issue. Even if this were not true, the Commission has considered this issue by indicating in all three decisions that all references to the students should be redacted prior to disclosure.
While it is clear from the record that the Commission believes the records should be redacted, this belief is couched in terms that could be erroneously interpreted as permissive. To the extent that this might be the case, this would constitute an error of law under the statutory sections CT Page 9404 cited above. Accordingly, pursuant to this court's authority under Conn. Gen. Stat. § 4-183(j)(1) and (4), it is hereby ordered that the records must be carefully redacted prior to disclosure.
CONCLUSION
Plaintiff's counsel has presented every conceivable argument that might shield his client's records from disclosure. It is clear that some of these arguments would have succeeded prior to the body of authority which has evolved in recent years. Current case law, however, leaves no doubt that disclosure is required on the factual record of this case.
For the reasons set forth herein, the court finds that the Commission's findings are supported by substantial and competent evidence. The Commission's conclusions are supported by applicable law.
ORDER
The appeal is dismissed. The decision of the Commission is modified only insofar as it is necessary, to clarify the requirement for redacting student records.
Dunnell, J.