[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff town of Groton police department appeals a decision of the defendant freedom of information commission (FOIC) ordering the release of certain records to the complainant/defendant (the complainant). The records sought are a police reports documenting the plaintiff's investigation of allegations that the complainant's minor son had been sexually assaulted. The FOIC, in ordering the release of the records, acted pursuant to General Statutes § 1-206. The plaintiff appeals pursuant to General Statutes §§ 1-206(d) and 4-183.
 PROCEDURAL HISTORY
The plaintiff appeals from the final order of the FOIC, issued on July 14, 1999. (Complaint, par. 10; Answer, par. 10.) The present appeal was filed with the clerk of the Superior Court on July 29, 1999. The appeal papers were served on the FOIC on August 6, 1999, and were served on the complainant on August 11, 1999. Timely service was made by certified mail, return receipt requested, in compliance with General Statutes4-183(c). (Exhibit A accompanying affidavit of Michael J. Zito.) The FOIC filed the record and an answer on October 1, 1999. On October 6, 1999, the court, Hartmere, J., granted the motion of the FOIC to seal the police records. The plaintiff, the FOIC, and the complainant filed briefs on November 4, December 9, and December 15, 1999 respectively. The appeal was heard by this court on August 29, 2000. After the hearing, the court, sua sponte, raised the issue of the possible applicability of General Statutes § 17a-101k[1] to the case. Oral argument on that issue was heard on November 1, 2000, and all parties subsequently filed CT Page 2672 additional briefs on the issue.
 FACTS
The complainant, by letter dated November 18, 1998, requested from the plaintiff a copy of an investigative report regarding a matter in which her son had allegedly been the victim of a sexual assault. (Return of Record [ROR], 4.) The plaintiff responded to the complainant's request by providing her with a copy of a letter from the plaintiff's attorney, advising the plaintiff that the report was exempt from disclosure under the Freedom of Information Act (FOIA). (ROR, 29-30.) On December 15, 1998, the complainant filed a complaint letter with the FOIC. (ROR, 5.) A formal administrative hearing was held on January 25, 1999, before hearing officer Sherman D. London. The hearing officer's report (ROR, 34), dated February 11, 1999, concluded that the records in question contained uncorroborated allegations that an individual had engaged in criminal activity, and were thus exempt from mandatory disclosure under General Statutes § 1-19(b)(3)(C), now General Statutes § 1-210(b) (3)(G).[2] The hearing officer therefore recommended dismissal of the complaint.
At its March 24, 1999 meeting, the FOIC voted to reopen the hearing for the purpose of conducting an in camera inspection of the police records. (ROR, 37.) On May 26, 1999, the hearing officer issued a revised report. (ROR, 51.) In the report, the hearing officer concluded that the allegations contained in the report had been corroborated before the time of the complainant's initial request, and were therefore not exempted from disclosure under § 1-210(b)(3)(G). The hearing officer recommended that a copy of the report be released to the complainant, with certain redactions. Following a hearing on July 14, 1999, at which the report was viewed in camera, the FOIC issued its final decision adopting the findings of the hearing officer, and ordering the disclosure to the complainant of a redacted copy of the report. (ROR, 84.)
The plaintiff now challenges the final decision of the FOIC on the ground that the FOIC improperly concluded that the allegations contained in the police records were corroborated. According to the plaintiff, allegations that have not led to an arrest are "uncorroborated allegations" under § 1-210(b)(3)(G). The plaintiff also argues, with regard to the issue raised by the court, that the appeal should be sustained because the police records constitute confidential "information relative to child abuse" under General Statutes § 17a-101k. The FOIC argues, on the other hand, that the question of corroboration is independent of the question of whether an arrest has been made, and that its determination of corroboration in the present case is supported by the record and may not be disturbed. The FOIC further argues that the CT Page 2673 court may not expand the issues on appeal by inquiring into the applicability of § 17a-101k, and that the court must simply analyze whether the decision below was properly decided based on the grounds raised by the parties. In the alternative, the FOIC argues that if the court finds the consideration of § 17a-101k necessary to the resolution of this case, it should remand the case back to the FOIC for further proceedings.
 JURISDICTION
"Under both the general provisions of the Uniform Administrative Procedure Act; General Statutes § 4-183(a); and the specific provisions of the Freedom of Information Act; General Statutes § [1-206(d)]; only a person aggrieved by a final decision of the defendant freedom of information commission . . . may appeal from that decision to the trial court." State Library v. Freedom of Information Commission,240 Conn. 824, 826, 694 A.2d 1235 (1997). "In appeals pursuant to the Freedom of Information Act, aggrievement is determined in accordance with a twofold test. See General Statutes § [1-206(d)]. This test requires a showing of: (1) a specific personal and legal interest in the subject matter of the [commission's] decision; and (2) a special and injurious effect on this specific interest." (Internal quotation marks omitted.) Id., 833. An agency that has been ordered by the FOIC to disclose information is aggrieved for purposes of an appeal from that order, because failure to comply with the order could result in criminal and civil sanctions. Id., 834; Board of Pardons v. Freedom of InformationCommission, 210 Conn. 646, 650, 556 A.2d 1020 (1989). The plaintiff is therefore aggrieved and has standing to bring this appeal.
 STANDARD OF REVIEW
"The FOIC is an administrative agency; General Statutes § [1-205]; and is, thus, governed by the Uniform Administrative Procedures Act, General Statutes § 4-166 et seq. General Statutes § 4-183, which describes the Superior Court's standard of review of an agency decision, provides in pertinent part:
"APPEAL TO SUPERIOR COURT. . . .
 "`(j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole CT Page 2674 record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.'"
Kureczka v. Freedom of Information Commission, 228 Conn. 271,278 n. 11, 636 A.2d 777 (1994).
"[W]e must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . Neither [the Supreme Court] nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]." (Citations omitted; internal quotation marks omitted.) Ottochian v. Freedom ofInformation Commission, 221 Conn. 393, 397, 604 A.2d 351 (1992).
 DISCUSSION
As noted above, this court has raised the issue of the applicability of General Statutes § 17a-101k(a), which provides that "any . . . information relative to child abuse, wherever located, shall be confidential subject to such statutes and regulations governing their use and access as shall conform to the requirements of federal law or regulations." See footnote 1. The statute also makes the release of such confidential information punishable "by a fine of not more than one thousand dollars or imprisonment for not more than one year." General Statutes § 17a-101k(a).
There is authority for the proposition that 17a-101k(a) provides an exception to disclosure under the FOIA. See Dept. of Public Health v.Freedom of Information Commission, Superior Court, judicial district of New Britain, Docket No. 492649 (October 12, 1999, McWeeny, J.) (25 Conn.L.Rptr. 488). Furthermore, the FOIC itself, in its administrative decisions, has repeatedly reached the same conclusion. See Pflederer v.Department of Public Health, Freedom of Information Final Decision, Docket No. FIC 1997-230 (1998); LaPointe v. Department of HumanResources, Freedom of Information Final Decision, Docket No. FIC 93-213 (1994); DeRosa v. Clark-Pellett, Freedom of Information Final Decision, Docket No. FIC 92-12 (1992); Kagan v. Department of Human Resources, Freedom of Information Final Decision, Docket No. FIC 88-9 (1988).
The complainant argues, however, that even if § 17a-101k(a) is applicable to the records in this case, they are nonetheless disclosable CT Page 2675 to her pursuant to General Statutes § 17a-28(m), because the complainant is the mother of a minor named in the records. General Statutes § 17a-28(m) provides in relevant part: "In addition to the right of access provided in section 1-210, any person, his authorized representative or attorney shall have the right of access to any records made, maintained or kept on file by the department [of children and families], whether or not such records are required by any law or by any rule or regulation, when those records pertain to or contain information or materials concerning the person seeking access thereto. . . ." As used in § 17a-28, "`Person' means (A) any individual named in a record, maintained by the department, who (i) is presently or at any prior time was a ward or committed to the commissioner for any reason; (ii) otherwise received services, voluntarily or involuntarily, from the department; or (iii) is presently or was at any prior time the subject of an investigation by the department; (B) the parent of a person as defined in subparagraph (A) of this subdivision, if such person is a minor. . . ." General Statutes § 17a-28(a)(1).
The complainant's reliance on § 17a-28 in the present case appears to be misplaced. The issue in this case is whether the public has a right to disclosure of records maintained by a police department; the issue is not whether the complainant, as the mother of a minor named in records maintained by the department of children and families or other agencies has a private right to disclosure of those records. "[W]hether records are disclosable under the [FOIA] does not depend in any way on the status or motive of the applicant for disclosure, because the act vindicates the public's right to know, rather than the rights of any individual." Chiefof Police v. Freedom of Information Commission, 252 Conn. 377, 387,746 A.2d 1264 (2000). Because the issue in the present proceedings is limited to the public's right to know, the complainant's right to compel the department of children and families to disclose information pursuant to § 17a-28 is beyond the scope of this action. Consequently, even if the court assumes that the complainant would have such a right to disclosure of records of the department of children and families under § 17a-28, the issue of whether § 17a-101k exempts the police records from public disclosure still must be resolved.
The FOIC suggests that this court may not sua sponte raise the issue of the application of § 17a-101k. In support of its position, the FOIC cites the case of Hartford v. Freedom of Information Commission,41 Conn. App. 67, 674 A.2d 462 (1996). In that case, the Appellate Court stated: "The trial court needlessly enlarged the issue on appeal by analyzing . . . an argument not found in the record . . . Although the trial court might well have reached a conclusion different from that reached by the commission, the limited scope or review set forth in § 4-183(j), and expressed by our appellate courts, does not allow CT Page 2676 that result. Here, the trial court improperly traveled a different path rather than determining whether the commission properly trod on the stepping stones of the path it took. . . . The commission's conclusion must stand because it resulted from a correct application of the law to the facts found and reasonably and logically followed from such facts." Id., 73-74.
Although the court recognizes the general rule that it must not enlarge the issues on appeal, it is persuaded that, as a matter of both law and public policy, . . . the possibility of a conflict with § 17a-101k
must be considered in the present case. The confidentiality provisions of Section 17a-101 are part of the statutory scheme governing the reporting of child abuse to the department of children and families. The public policy behind those statutes is "[t]o protect children whose health and welfare may be adversely affected through injury and neglect. . . ." General Statutes § 17a-101(a). As discussed above, the issue in this case is the right of the public to access certain police records; a determination that the complainant is entitled to access the records under the FOIA would allow all members of the public the same access, and this may place the action of the commission in direct conflict with a specific law limiting public access to these records. Furthermore, the importance of this particular statute is reflected in the legislature's determination that the failure to comply with the confidentiality requirement of § 17a-101k(a) may result in fines or imprisonment. Because the potential applicability of § 17a-101k(a) presents such a sensitive and important question of both law and public policy, and could even subject the plaintiff to criminal liability if it complied with public disclose, this court concludes that the issue must be addressed. The court cannot ignore the possibility that the FOIC's decision may be contrary to a state statute.
The FOIC argues that rather than resolve the issue itself, the court should remand the matter to the FOIC for further proceedings. The court agrees that under the standard of review set forth above, it may not substitute its judgment for that of the administrative agency, and that the applicability of § 17a-101k to the specific facts in this case is an issue for the FOIC to consider in the first instance. When, as here, it becomes clear that analysis of additional issues, not addressed by the FOIC, is necessary to the resolution of a controversy, the proper procedure is for this court to remand the matter. See Connecticut Alcohol Drug Abuse Commission v. Freedom of Information Commission, 233 Conn. 28,43-44, 657 A.2d 630 (1995); Fortier v. Thomas, Superior Court, judicial district of New Britain, Docket No. 492637 (November 10, 1999, McWeeny,J.). The case is therefore remanded to the FOIC to determine whether the records in this case constitute information relative to child abuse that must be kept confidential pursuant to General Statutes § 17a-101k(a). CT Page 2677
 CONCLUSION
Although the applicability of General Statute § 17a-101k was not addressed by the parties at the administrative hearing, the court concludes that the issue must be resolved because of the important public policy of protecting the welfare of children, and because the ordered disclosure may be violative of the law mandating the confidentiality of child abuse records "wherever located." The court, however, will not decide issues on appeal that have not been argued and considered in the proceedings before the administrative agency. For these reasons, the court, without reaching the ultimate issue of whether the FOIC correctly ordered the disclosure of the police records, remands the matter to the FOIC with the direction that further proceedings be conducted by the agency relative to the applicability of Connecticut General Statutes § 17a-101k(a) in this case.
SO ORDERED:
BY THE COURT:
Dyer, J.